ISHEE, J.,
for the Court.
¶ 1. In November 1990, Khristoffer He-arron was convicted of possession of cocaine and sentenced to serve three years in the custody of the Mississippi Department of Corrections (MDOC) and placed in the Regimented Inmate Discipline Program (RID).[1] In June 1991, after completing the RID program, the remainder of Hearron’s sentence was suspended and he was placed on five years’ probation.
¶ 2. Hearron’s probation was subsequently revoked, and he was returned to the custody of the MDOC to complete the remainder of the three-year sentence previously imposed. In June 1992, Hearron completed his sentence and was released from the MDOC’s custody.
¶ 3. Currently, Hearron is serving a thirty-year sentence as a habitual offender for possession of cocaine with intent to distribute. He began serving this sentence, his third drug charge, in August 1995.
¶ 4. In June 2008, Hearron filed a motion for judicial review seeking monetary damages from the MDOC for his 1990 incarceration. In that motion, Hearron alleged that he served too long a sentence after his probation was revoked and that it was illegal to enhance his current sentence as a habitual offender with the 1991 incarceration.
¶ 5. The Leflore County Circuit Court, treating the filing as a motion for post-conviction relief, held a pre-hearing on He-arron’s motion in September 2008. Finding that the motion was time-barred, both civilly for money and as a post-conviction petition, the trial court dismissed the matter with prejudice. Aggrieved by the decision, Hearron appeals asserting that the trial court erred in dismissing his motion as procedurally barred. Agreeing with the trial court’s judgment, we affirm.
DISCUSSION
¶ 6. Hearron argues that his motion should not have been dismissed as time-barred since he sought judicial review pursuant to Mississippi Code Annotated section 47-5-807 (Rev.2004), within thirty days of receiving a final adverse decision of a grievance filed with the MDOC’s Ad *1240 ministrative Remedy Program (ARP). Hearron asserts that although the statute of limitations is normally applicable to a cause of action, the statute of limitations does not apply if the offender uses the ARP and then seeks judicial review within the thirty days proscribed by statute. Because the MDOC accepted his grievance, Hearron argues that the MDOC waived the right to assert his claim as time-barred.
¶ 7. Hearron is seeking monetary damages and a ruling that because he was held too long on the 1990 conviction, the conviction is illegal. Hearron filed this complaint in 2008 — about seventeen years after the alleged harm occurred. The statute of limitations for post-conviction relief is three years. Miss.Code Ann. § 99-39-5(2) (Rev.2007). Therefore, under the statute of limitations for post-conviction relief, Hearron is time-barred from seeking relief on this action.
¶ 8. Next, Hearron argues that his 1990 conviction should not have been used to enhance his current sentence. This argument is also time-barred by the three-year statute of limitations because Hear-ron’s current sentence was affirmed by the Mississippi Court of Appeals ten years before the present case was filed. Hearron v. State, 708 So.2d 98 (Miss.Ct.App.1998), cert. denied, 726 So.2d 594 (Miss.1998).
¶ 9. Hearron’s motion for judicial review pursuant to Mississippi Code Annotated section 47-5-807 was dismissed by the trial court because his underlying claims were untimely filed. Mississippi Code Annotated section 47-5-807 provides: “Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under [sjections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency’s final decision, seek judicial review of the decision.” The trial court reviewed the denial of Hearron’s grievance by the ARP and found that he was appropriately denied relief because his claims were procedurally barred.
¶ 10. Hearron has presented no authority to support his argument that if an offender is held past his release date, that conviction becomes illegal and cannot be used for enhancement purposes in later proceedings. “It is well established that appellate courts in Mississippi will not review any issues on appeal if the party fails to cite relevant support of his or her arguments.” Jackson Motor Speedway, Inc. v. Ford, 914 So.2d 779, 783(¶ 11) (Miss.Ct.App.2005) (quoting Lambert v. Lambert, 872 So.2d 679, 682(¶14) (Miss.Ct.App.2003)).
¶ 11. Procedural bar notwithstanding, we find that in his brief, Hearron asserts that he was not given credit for time served on his 1990 conviction. Hear-ron argues that his RID time and post-revocation time together total 590 days served on his three-year sentence for possession of cocaine. Hearron asserts that he should have served only fifty percent of the three-year sentence, or 542 days. As the MDOC representative Gloria Gibbs testified at the September 2008 pre-hear-ing, there was no law in effect at the time Hearron committed his crime that required that an offender serve only fifty percent of his sentence. Mississippi Code Annotated section 47-5-138 (Supp.2009) does limit the maximum amount of earned time and meritorious earned time an offender could receive to one-half of his total sentence, but there was nothing in the statute that automatically entitles an offender to serve only fifty percent of his sentence.
¶ 12. Hearron’s claims are proeedurally barred because they were filed outside of the statute of limitations, and he fails to *1241 offer legal support on appeal for his arguments. Because of the reasons stated above, the dismissal of Hearron’s motion for post-conviction relief is affirmed.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LE-FLORE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. The RID Program seeks to divert offenders from criminal behavior by allowing them the opportunity to earn an early release by successful completion of the program requirements.